IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Case No. 07-cr-00359-EWN**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**1. JORGE R. CARAVEO,**
**3. CARLOS LEAL BARRAGAN,**
**5. ESTEBAN LOPEZ ESTRADA**

      **Defendants.**

## ORDER

Plaintiff, United States of America, has filed a motion for entry of a protective order regarding the production of documents containing individual financial and identifying information (collectively, "confidential information") that may be entitled to confidential treatment under the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a. Upon consideration of the motion, the Court finds that good cause exists to issue an order governing the disclosure of such information.

THEREFORE, IT IS HEREBY ORDERED:

1.  The United States is permitted to produce during the pre-trial discovery process the unaltered documents containing confidential information to counsel for a defendant, with the condition that the defendant and his counsel may use these documents only for purposes of the litigation. Documents containing confidential information shall not be used or disclosed by the defendants or by their counsel for any purpose other than preparation for, and trial of, this action.

2. The defendants who obtain confidential information, their counsel, and any other person subject to this protective order, shall not disclose or permit disclosure of this confidential information to any other person, except as permitted below.

3. Disclosure may be made to employees of defense counsel who have responsibility for the preparation and trial of this action. Disclosure also may be made to consultants, paralegals, legal assistants, witnesses, experts, or employees of experts (collectively, "Outside Contractor(s)") specifically retained for the defense of this case. Counsel must ensure that any employee or Outside Contractor to whom the disclosure is made shall be advised of, and agree to become subject to, the provisions of this protective order prior to such disclosure, and shall be given a copy of this protective order.

4. The defendants, defense counsel, and any other persons subject to this protective order who obtain confidential information, shall take all necessary and appropriate measures to maintain the confidentiality of the information. The defendants and their counsel shall share confidential information only with persons authorized to receive it pursuant to this protective order, and they shall retain the information in a secure manner. Except as provided in paragraph 3 above, no other person shall be permitted access to confidential information.

5. To limit the disclosure of this information, any person who obtains access to confidential information under this protective order may make copies, duplicates, extracts, summaries or descriptions of the information or any portion thereof only as necessary to prepare a defense of the criminal case. All copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this protective order to the same extent and manner as original documents. Defense counsel shall keep a written record concerning to whom any copies were delivered, and

the date of delivery.

      6.      Should any party wish to use, in public filings or at trial, documents containing confidential information, the using party shall be required to redact such information prior to use or to seek modification of this order.

      7.      Within 45 days of the final conclusion of this litigation, each defense counsel shall return or destroy all confidential information obtained by the defendant, defense counsel, and any employees or Outside Contractors to whom disclosure was made. Each defense counsel shall also return or destroy all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof and any other documents containing confidential information. Each defense counsel shall provide a written notification to counsel for the Untied States that he has returned or destroyed all confidential information described above.

IT IS SO ORDERED this 16th day of October, 2007.

BY THE COURT:

s/ Edward W. Nottingham
Edward W. Nottingham
Chief, U.S. District Court Judge

the date of delivery.

    6.    Should any party wish to use, in public filings or at trial, documents containing confidential information, the using party shall be required to redact such information prior to use or to seek modification of this order.

    7.    Within 45 days of the final conclusion of this litigation, each defense counsel shall return or destroy all confidential information obtained by the defendant, defense counsel, and any employees or Outside Contractors to whom disclosure was made. Each defense counsel shall also return or destroy all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof and any other documents containing confidential information. Each defense counsel shall provide a written notification to counsel for the Untied States that he has returned or destroyed all confidential information described above.

IT IS SO ORDERED this 16th day of October, 2007.

BY THE COURT:

s/ Edward W. Nottingham
Edward W. Nottingham
Chief, U.S. District Court Judge